UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| JOHN EVERETT CARR, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 16-90-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| JODIE L. SNYDER-NORRIS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate John Everett Carr is confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Carr has filed an original and supplemental petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as well as a narrative description of the pertinent facts. [D. E. Nos. 1, 4, 5]

On November 21, 2013, a federal grand jury sitting in London, Kentucky issued an indictment charging Carr and four others with conspiracy to own, operate, maintain and control a chop shop in violation of 18 U.S.C. §§ 2322, 371, and related offenses. While Carr was arrested for his initial arraignment on December 13, 2013, he was immediately released from federal custody subject to several conditions.

On June 4, 2014, Carr reached a plea agreement with the government with respect to his federal charges. State court records show that on June 30, 2014, a grand jury in Whitley County, Kentucky issued an indictment charging Carr with

first degree trafficking in a controlled substance in violation of Ky. Rev. Stat. 218A.1412. *Commonwealth v. Carr*, No. 14-CR-186 (Whitley Co. 2014). See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=118&court=1& division=CI&caseNumber=14-CR-00186&caseTypeCode=CR&client_id=0 (last visited on February 2, 2017). In his petition, Carr states that Kentucky police arrested him on July 23, 2014 on these charges, and he was confined at the Whitley County Jail. Carr alleges that on July 24, 2014, the federal government lodged a detainer with the county jail related to the pending federal charges.

Carr alleges that on July 28, 2014, he was granted release on bond in Case No. 14-CR-186, but remained in jail because of the federal detainer. On August 18, 2014, Carr was arraigned on his state drug trafficking charges. On the same day, he was arraigned in Whitley District Court on charges of Theft by Unlawful Taking - Auto in *Commonwealth v. Carr*, No. 14-F-280 (Whitley Co. 2014). See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=118&court=1& division=DI&caseNumber=14-F-00280&caseTypeCode=FE&client_id=0 (last visited on February 2, 2017). In Case No. 14-F-280, Carr asserts that he was granted bond on August 21, 2014, and the charges were later dismissed on October 20, 2014.

Carr was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* on October 28, 2014. On March 19, 2015, Carr was sentenced to a 36-month term of incarceration in *United States v. Carr*, No. 6: 13-CR-44-GFVT-3

2

(E.D. Ky. 2013). After his federal sentence was imposed, Carr was returned to state custody on March 23, 2015. On April 20, 2015, the Whitley Circuit Court sentenced Carr to an 18-month prison term in Case No. 14-CR-186 to be served concurrently with his federal sentence. On June 8, 2015, Carr was paroled from this sentence, and was released into federal custody to begin his federal sentence with the Bureau of Prisons. [D. E. No. 4-1 at 3]

In March 2016, Carr filed a motion in his federal criminal case to compel the Bureau of Prisons ("BOP") to recalculate his prior custody credits. The Court denied relief on July 29, 2016, directing Carr to first file inmate grievances with the prison and, if unsatisfied, seek relief under § 2241. However, Carr had already started that process by filing an inmate grievance on May 12, 2016, although he was unable to obtain relief from either the warden or the BOP's regional office. [D. E. No. 4-1 at 2-9] Carr filed an appeal to the BOP's Central Office on July 12, 2016 [D. E. No. 5-1 at 1], but before receiving a response, filed this action two weeks later seeking habeas relief from the BOP's preliminary determination that his prior custody credits had been properly calculated. [D. E. No. 1]

The BOP's Central Office denied relief on September 12, 2016, for essentially the same reasons as the warden and the regional office. In doing so, it noted that Kentucky had given Carr credit towards his state sentences from July 23, 2014, through December 15, 2014, and from March 25, 2015, through June 8, 2015. The

3

BOP awarded Carr credit towards his federal sentence from December 16, 2014 until March 24, 2015, as Kentucky had not credited that period against his state sentences. [D. E. No. 5-1 at 2-3]

While Carr did not completely exhaust his administrative remedies until after he filed his petition, the Court adheres to its prior conclusion that Carr substantially exhausted his administrative remedies prior to filing suit and that there is an adequate record upon which to reach a decision. Therefore, under the unique circumstances of this case, the Court concludes that the purposes of the exhaustion requirement have been served and will be deemed satisfied. [D. E. No. 6]

In his petition, Carr contends that because he was released on bond on July 28, 2014 in state case No. 14-CR-186 but was retained in custody solely pursuant to the federal detainer, the federal government obtained "primary custody" over him on that date. Therefore, he argues, he is entitled to prior custody credits pursuant to 18 U.S.C. § 3585(b) starting from that date until March 18, 2015, the date his federal sentence was imposed. [D. E. No. 1 at 3-4, No. 4 at 5] He therefore requests that his federal sentence be deemed to have commenced on March 19, 2015, with prior custody credits from July 28, 2014 to March 18, 2015. [D. E. No. 5 at 4]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Carr's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined by federal statute:

> (a)     A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b)     A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

> (1)     as a result of the offense for which the sentence was imposed; or

> > (2)     as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

> that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements § 3585 through Program Statement 5880.28.

Under Section 3585(a), Carr's sentence commenced when he was received into federal custody to begin service of it on June 9, 2015, following his release by state authorities. *Jones v. Eichenlaub*, No. 08-CV-13624, 2010 WL 2670920, at \*2 (E.D. Mich. 2010) (*citing Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir.1992). Carr seeks credit for time he spent in custody preceding this date; its availability is therefore governed solely by Section 3585(b).

Because Section 3585(b) only permits federal sentence credits if the time spent in custody "has not been credited against another sentence," periods in spent custody that have already been credited against a state sentence may not be "double counted" against a federal sentence. *Huffman v. Perez*, No. 99-6700, 2000 WL 1478368 (6th Cir. Sept. 27, 2000); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003). The BOP has noted that Kentucky did not credit the time period from December 16, 2014, through March 24, 2015, against his state sentence, and therefore it has already applied § 3585(b) to credit this 102-day period against Carr's federal sentence. [D. E. No. 5-1 at 3] However, Kentucky did credit two time periods – from July 23, 2014, through December 15, 2014, and from March 25, 2015, through June 8, 2015 – against his 18-month sentence in Case No. 14-CR-186. This time having already been applied to Carr's state sentence, § 3585(b) does not permit it to be double-counted against his federal prison term.

6

Carr's argument for federal credit for these time periods is premised upon his assertion that the federal government obtained primary jurisdiction over him solely by virtue of its previously-filed detainer when Kentucky granted him bond on July 28, 2014, from his state charges.   [D. E. No. 5]   The Court has reviewed this contention thoroughly, but concludes that it cannot be sustained.

In this case, the federal government temporarily obtained primary jurisdiction over Carr when he was first taken into federal custody for his federal arraignment, but it relinquished that priority when it released him from custody on December 13, 2013.  *United States v. Cole*, 416 F. 3d 894, 897 (8th Cir. 2005) (noting that release on bail is one of four ways a sovereign relinquishes primary jurisdiction).  For its part, Kentucky then obtained primary jurisdiction over Carr when it arrested him six months later on July 23, 2014, but it too relinquished that priority when it granted bond on July 28, 2014.  Carr's argument is based upon the unexplained assumption that Kentucky's act of granting bond and/or the prior filing of the federal detainer had the legal effect of transferring primary jurisdiction back to the United States, notwithstanding its prior relinquishment of that primary jurisdiction six months before.

A sovereign ordinarily obtains primary jurisdiction through the act of physically arresting the defendant. *Cole* at 897 (citing *United States v. Vann*, 207 F. Supp. 108, 111 (E.D.N.Y. 1962) ("The controlling factor in determining the power

to proceed as between two contesting sovereigns is the actual physical custody of the accused.")). Here, Kentucky retained actual physical custody of Carr after July 28, 2014. But he contends that the federal government implicitly regained primary custody over him not by arrest, but by lodging a detainer against him.

The long-established general rule is that "a state prisoner who is also on detainer for federal violations should not receive credit on his federal sentence when he was given credit on the state sentence for the same period of time." *McIntyre v. United States*, 308 F. 2d 403, 404 (8th Cir. 1975). There used to be exceptions to the rule. For instance, if the lodging of a federal detainer caused the state court to deny bail, the time in state custody was deemed 'spent in custody in connection with the (federal) offense,' the quoted language being found in Section 3585(b)'s predecessor statute, 18 U.S.C. § 3568. *Willis v. United States*, 438 F. 2d 923, 925 (5th Cir. 1971). This was true unless the federal government could demonstrate that the defendant would have remained in state custody even without the federal detainer. *United States v. Haney*, 711 F. 2d 113, 114-15 (8th Cir. 1983).

But those exceptions were grounded in language found in Section 3568 that permitted double counting in some circumstances, language that was deleted when Section 3568 was replaced by Section 3585(b). With that pivotal language now gone, the fact that a federal detainer prevents a state prisoner from being released on bond or bail does not overcome Section 3585(b)'s express statutory prohibition

8

against counting time credited against a state sentence a second time against his or her federal sentence. *Elwell v. Fisher*, 716 F. 3d 477, 485-86 (8th Cir. 2013).

In addition, Carr has filed documentation suggesting that he was entitled to release as of July 28, 2014 if he obtained a surety bond for $7,500. [D. E. No. 4-1 at 1] However, the surety bond required Carr himself to sign the form twice, and that his signature be witnessed, neither of which were done. The surety's signature was also not notarized as required by the terms of the bond. *Id*. Without the surety bond's proper execution and delivery, Kentucky retained primary jurisdiction over Carr, and the prior custody credits sought by the petitioner are barred by Section 3585(b). *Elwell*, 716 F. 3d at 485.

Accordingly, **IT IS ORDERED** that:

1.      Petitioner Carr's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. Nos. 1, 4] are **DENIED**.

2.      This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.      Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 17th day of February, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge